## ED. JENKINS v. BLACKWOOD LUMBER COMPANY.

(Filed 10 June, 1927.)

**Negligence—Evidence—Master and Servant—Safe Place to Work—Nonsuit.**

Evidence in this case, *Held* sufficient to take the case to the jury upon the question as to whether the defendant had failed in its duty to furnish, in the exercise of ordinary care, its employee a safe place to work, and defendant's motion to nonsuit was properly denied in the absence of evidence tending to show contributory negligence, etc.

APPEAL by defendant from *Stack, J.,* at February Term, 1927, of JACKSON. No error.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. From judgment on the verdict, defendant appealed to the Supreme Court.

*Sutton & Stillwell and Moody & Edwards for plaintiff.*
*Alley & Alley for defendant.*

PER CURIAM. Defendant's only assignment of error on its appeal to this Court is based upon its exception to the refusal of the court to allow its motion for judgment as of nonsuit at the close of the evidence offered

by plaintiff. Defendant offered no evidence, but relied upon its contention that there was no evidence from which the jury could find that plaintiff was injured by its negligence.

Plaintiff, an employee of defendant, was required to go upon a bridge, 108 feet in length and constructed on a grade of about 14 per cent, over which there was a "skidway" upon which certain logs had become "jammed," for the purpose of dislodging the logs. After plaintiff had dislodged these logs, some 15 or 16, in number, they moved down the skidway so rapidly that plaintiff was thrown down among the logs and injured. No provision was made in the construction of the bridge for plaintiff to escape or get out of the way of the logs when they broke and started down the skidway. There was evidence from which the jury could find that defendant had failed to exercise due care to provide a reasonably safe place for plaintiff to work, and that this breach of duty was the proximate cause of plaintiff's injuries. The jury found that plaintiff did not by his own negligence contribute to his injury, and that he did not assume the risk, as alleged in the answer.

The judgment that plaintiff recover of defendant his damages as assessed by the jury is affirmed. There is

No error.